IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LEE RODRIGUEZ HERNANDEZ, | § | |
| Plaintiff | § | |
| | § | |
| v. | § | Civil Action No. 4:17-cv-00282 |
| | § | |
| VELOCITY INVESTMENTS, LLC | § | |
| Defendant | § | JURY DEMANDED |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW Lee Rodriguez Hernandez, Plaintiff in the above-numbered and styled case, complaining of and against Velocity Investments, LLC and for cause of action would respectfully state the following:

## I. INTRODUCTION

1.    This is an action for damages brought by Plaintiff, Lee Rodriguez Hernandez, a consumer, alleging that Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

## II. JURISDICTION

2.    Jurisdiction of this Court arises under 15 U.S.C. §1692k(d).  Venue in this District is proper in that the Defendant transacts business here and/or the conduct complained of occurred here.

## III. PARTIES

3.    Plaintiff, Lee Rodriguez Hernandez is an individual residing at 1629 Manor Drive, Rosenberg, Texas 77471.

4.      Defendant Velocity Investments, LLC (hereinafter "Velocity") is a limited liability company engaged in the business of collecting debts in this state with their principal place of business located at 1800 Rte 34 N, Suite 404A, Wall, New Jersey 07719.   The principal purpose of Defendant is the collection of debts using the telephone, mail, and litigation, and the Defendant regularly attempts to collect debts alleged to be due another.   Defendant Velocity may be served by serving its registered agent, Corporation Service Company, 211 E 7th Street, Suite 620, Austin, Texas 78701-3218.

5.      Defendant Velocity is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

## IV.  FACTUAL ALLEGATIONS

6.      On or about September 2, 2015, Velocity brought an action against Hernandez to recover an alleged debt that Velocity had purchased or been assigned.[1]   The alleged debt related to an account that originated with Santander Consumer USA for personal, family and household purposes (hereinafter "Debt.")

7.      On or about October 6, 2015, Hernandez notified Velocity that he had retained counsel for the disputed Debt and all related matters.   Hernandez also filed an answer to Velocity's Original Petition, generally denying all of the facts alleged by Velocity.

---

[1] The debt collection suit is *Velocity Investments, LLC v. Lee Hernandez and Kelli Hernandez*, Cause No. 15-CCV-055710 in the County Court at Law Number 4, Fort Bend County, Texas.

8.      During the litigation process, Hernandez requested validation of the Debt, but Velocity never provided any validation.

9.      On or about November 5, 2015, Velocity filed a Notice of Nonsuit Without Prejudice in its case against Hernandez, effectively dismissing the lawsuit it filed against Hernandez.

10.     On or about September 2016, Hernandez received a collection letter from Velocity, by and through its agent, Northland Group, Inc. (hereinafter "Northland"), at his home address regarding the very same Debt (hereinafter "Collection Letter.")

11.     The Collection Letter, dated September 8, 2016, seeks to collect the Debt.

12.     The Collection Letter also provides Hernandez notice of his rights under federal law to dispute the validity of the debt and to request verification of the Debt.

13.     In the Collection Letter, Velocity does not provide any response to Hernandez's prior dispute, nor does it provide verification of the Debt.

14.     Defendant Velocity has been unresponsive to all requests for validation of the Debt.

15.     As a result of Defendant's continued collection efforts directly from Hernandez, Mr. Hernandez suffered anxiety, distress, and disruption to his daily routine.

## V.  RESPONDEAT SUPERIOR

16.    Plaintiff asserts liability under the theory of *respondeat superior* among and between Northland and Defendant.

17.    Plaintiff alleges that at the time material to this petition, Northland was an agent of Defendant.

18.    Northland, as an agent of Defendant, was acting within the course and scope of its agency at all times relevant to this matter.

19.    The actions of Northland are imputed to Defendant.

20.    Defendant is liable for the acts and omissions of its agents under the theory of *respondeat superior.*

21.    As a direct and proximate result of the aforementioned actions, Plaintiff has suffered the aforementioned damages.

## VI. CLAIM FOR RELIEF UNDER THE
## FAIR DEBT COLLECTION PRACTICES ACT

22.    Plaintiff incorporates paragraphs 1-21 above.

23.    Defendant violated the FDCPA by continuing collection of the disputed debt, by sending it to a third party debt collector, without giving Plaintiff verification of the debt, even after repeated requests, in violation of 15 U.S.C. § 1692)g)(b).

24.    Defendant violated the FDCPA by communicating directly with Plaintiff in connection with the collection of a debt while knowing that Plaintiff was represented by an attorney with respect to such debt, in violation of 15 U.S.C § 1692(c).

25.    Defendant violated the FDCPA by failing to validate the alleged debt after such validation was requested by Plaintiff, in violation of 15 U.S.C. § 1692(g)(a).

26.    As a result of these violations of the FDCPA, Defendant is liable to the Plaintiff for actual damages, statutory damages, attorney's fees and costs.

## VIII.  JURY DEMAND

27.    Plaintiff demands a jury trial.

## IX.  PRAYER

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A. Declaratory judgment that the Defendant's conduct violated the FDCPA;

B. Actual and statutory damages pursuant to 15 U.S.C. § 1692k;

C. Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3); and

D. Such other and further relief as may be just and proper.

Respectfully submitted,

/s/ Dana Karni
KARNI LAW FIRM, P.C.
State Bar No. 24044379
SDTX Bar No. 592484
4635 Southwest Freeway
Suite 645
Houston, Texas 77027
Telephone: 713-552-0008
Facsimile: 713-454-7247
Dana@KarniLawFirm.com
ATTORNEY FOR PLAINTIFF